IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

RICHARD BLACK,                    )
                                  )
              Plaintiff,          )
                                  )
    v.                            )    No.  09 C 2780
                                  )
A TRANSPORT COMPANY, INC.,        )
                                  )
              Defendant.          )

                      MEMORANDUM ORDER

    A Transport Company, Inc. ("A Transport") has filed its Answer to the Second Amended Complaint ("SAC") brought against it by its ex-employee Richard Black ("Black").  This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

    To begin, Answer ¶¶3, 5 and 11 involve partial or total invocation of the disclaimer provisions of Fed. R. Civ. P. ("Rule") 8(b)(5).  Although those invocations are proper in form, what follows--"and therefore denies same"--is not.  That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?  Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

    As for A Transport's ADs, several call for revision or elimination entirely.  Here they are:

         1.  AD 2 is a brief assertion of the equivalent of a

Rule 12(b)(6) motion. But A Transport had essayed a full-blown Rule 12(b)(6) motion, together with a supporting memorandum of law, back in October--and this Court shot it down orally as ill-conceived back then. A Transport's position has not improved with age or brevity, and AD 1 is stricken.[1]

    2. AD 3 charges that Black's "claims are barred to the extent that they occurred beyond the applicable statute of limitations." "To the extent" is a telltale tipoff that a defendant has failed to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiffs. If A Transport believes that it has some statute of limitations problems with the SAC, those must be better particularized--and meanwhile AD 3 is stricken as well.

    3. That is equally true of AD 4. It too is stricken.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 23, 2009

---

[1] Indeed, that second attempt could well be viewed as an invitation to the imposition of a Rule 11(c) sanction, except that this Court is generally disinclined toward such measures.

[2] No comment is made either way as to A Transport's other asserted ADs. If Black's counsel sees problems there as well, he is free to assert them.